In re Petition for DISCIPLINARY AC-
TION AGAINST Alberto O. MIERA,
Jr., an Attorney at Law of the State of
Minnesota.

No. C3–97–2009.

Supreme Court of Minnesota.

Nov. 1, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Alberto O. Miera, Jr. committed professional misconduct warranting public discipline, namely, respondent failed to timely and sufficiently respond to reasonable requests from the Director's Office that he create, maintain and provide proper trust account books and records in violation of the terms of respondent's March 11, 1998, public probation, Rules 1.15 and 8.1(a)(3), Minnesota Rules of Professional Conduct (MRPC), Rule 25, Rules on Lawyers Professional Responsibility (RLPR), and Lawyers Professional Responsibility Board (LPRB) Opinion No. 9.

Respondent admits his conduct violated the rules of professional conduct, waives his rights pursuant to Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 30-day suspension followed by two years of unsupervised probation subject to the following conditions:

1. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

2. Respondent shall abide by the Minnesota Rules of Professional Conduct.

3. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of this stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent be suspended from the practice of law for 30 days effective 10 days from the date of this order, that he comply with Rule 26, RLPR, and that he pay $900 in costs and disbursements pursuant to Rule 24, RLPR. Upon reinstatement by affidavit pursuant to Rule 18(f), RLPR, respondent shall be placed on unsupervised probation for two years subject to the agreed-upon conditions set forth above.

BY THE COURT:
Alan C. Page
Associate Justice